# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1399-18T3

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

A.L.,

     Defendant-Appellant/
     Cross-Respondent,

and

S.B.,

     Defendant.

_____

IN THE MATTER OF AU.L., a Minor,

     Respondent/Cross-Appellant.

_____

Submitted October 22, 2019 – Decided October 28, 2019

Before Judges Fisher and Rose.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FN-12-0172-17.

Joseph E. Krakora, Public Defender, attorney for appellant/cross-respondent (Robyn A. Veasey, Deputy Public Defender, of counsel; Andrew Robert Burroughs, Designated Counsel, on the briefs).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for respondent/cross-appellant (Noel Christian Devlin, Assistant Deputy Public Defender, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Michael A. Thompson, Deputy Attorney General, on the brief).

PER CURIAM

Defendant A.L. gave birth to Au.L. on December 4, 2016. Two months before the child's birth, defendant acknowledged to plaintiff Division of Child Protection and Permanency that she was an addict, using as many as five bags of heroin daily. A month later, defendant tested positive for cocaine and heroin. And a week before the child's birth she again tested positive for cocaine. The Division commenced this Title Nine action and, after the completion of discovery, the trial court conducted a one-day hearing in May 2017. The trial judge issued a written decision, concluding that defendant abused or neglected

the child by using illicit drugs and substances throughout the pregnancy and that this caused the child to suffer withdrawal symptoms soon after birth.

Once the Title Nine litigation was terminated in October 2018, defendant appealed, arguing the evidence that defendant's drug use caused the child's neonatal withdrawal syndrome was "at best in equipoise." She contends as well that the judge erred in denying her attorney's request to keep the record open for an additional trial day so that she might present expert witness testimony. The Law Guardian cross-appeals and presents arguments similar to defendant's. We find insufficient merit in defendant's and the Law Guardian's arguments to warrant further discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm substantially for the reasons set forth by Judge Bruce J. Kaplan in his comprehensive and well-reasoned written opinion.

We would add only that the judge did not abuse his discretion in refusing to allow defendant additional time to present expert testimony. The record establishes that defendant was represented by counsel in January 2017; at that time, the judge: established dates for the exchange of discovery; provided a deadline for the submission of expert reports; and fixed a trial date of May 12, 2017. It was not until two days before this trial date that defense counsel requested the opportunity to provide an expert report and to elicit testimony

A-1399-18T3

from that expert at a later date. Considering that defendant was aware of the trial date for five months – more than sufficient time to secure the services of an expert – and considering defendant's inability to state with certainty when requesting an adjournment that a favorable report from an expert could be obtained, the judge acted within his discretion in denying defendant's request for an adjournment.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1399-18T3